E-FILED AND/OR JOURNALIZED
COMMON PLEAS COURT, ERIE COUNTY, OHIO
Dec 2 2020 12:48 PM
LUVADA S.WILSON
CLERK OF COURTS
2020 CV 0323
Binette, Roger E

# IN THE COURT OF COMMON PLEAS
# ERIE COUNTY, OHIO

| | |
|---|---|
| Richard RUSSELL<br>1814 State Rt. 269 North<br>Bellevue, Ohio 44811,<br>　　　　　　　　Plaintiff, | Case No. 2020 CV 0323<br><br>Judge BINETTE |
| -vs- | AMENDED<br>COMPLAINT<br>1.　　4112 Age discrimination.<br>2.　　ADEA |
| City of Bellevue, Ohio<br>3000 Seneca Industrial Parkway,<br>Bellevue, Ohio 44811,<br>　　　　　　　　Defendant. | JURY DEMAND |

Now comes the Plaintiff Richard RUSSELL by counsel and for his cause of action against the Defendant says the following:

1.　　Plaintiff Richard RUSSELL is a 63 year old white male resident of Huron County, Ohio.

2.　　Defendant City of Bellevue, Ohio is a municipal corporation located jointly in Erie, Huron, Seneca, and Sandusky counties and has over 20 employees. Defendant City is an employer subject to civil action lawsuit pursuant to Ohio RC 4112.01 (A)(2), the Ohio Civil Rights statute.

3.　　Ohio RC 4112.02 (A) states in part "It shall be an unlawful discriminatory practice: (f)or any employer, because of the … age … of any person, to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment."

1

4. Pursuant to RC 4112. 02 (A) and under the federal Age Discrimination in Employment Act (ADEA) the Defendant employer had a legal duty at all times relevant to not discriminate in making employment hiring decisions based on, for example, the Plaintiff's age, over 40 years old.

5. The Plaintiff sought employment with the Defendant City seeking to be hired as a "Finance Superintendent" based on a job posting published on October 17, 2019. Based on belief "Finance Superintendent" was a newly created employment position.

6. The Plaintiff has superior employment qualifications for the position and is ready willing and able to assume the duties of the said position. The Plaintiff possesses 15 years of accounting experience and has been a finance director in private business and a government Township Clerk for 24 years.

7. The Plaintiff applied for the said position and was interviewed for it on November 1, 2019 by city officials.

8. The interview raised no red flags about the Plaintiff's qualifications and in spite of this, the Defendant hired a younger less experienced female named Courtney Evans, age estimated by Plaintiff at about 32 years old and did so because of bias against the Plaintiff's age. The Defendant breached its duty under Ohio RC 4112.02 (A) to not engage in age discrimination against the Plaintiff.

9. On June 2, 2020 the federal EEOC in Cleveland found after a dual EEOC/OCRC charge was made by the Plaintiff accusing the Defendant of age discrimination that in an investigation of the charge the Defendant's conduct in not hiring the Plaintiff showed reasonable cause to believe the Defendant violated the ADEA, that is, the federal Age Discrimination in Employment Act, 29 USC 621 *et seq.* Ohio Courts may follow ADEA caselaw in interpreting the Ohio Civil Rights statutes such as RC 4112.02 (A). *Barker v. Scovill, Inc.* (1983), 6 Ohio St.3d 146, 147.

10. A 90 day right to sue letter was issued to the Plaintiff by the OCRC/EEOC on June 23, 2020 after the parties could not reconcile the dispute with a settlement. This case is however,

2

being brought forward under independent Ohio state law, to wit, RC 4112.02 (A) as <u>Count One</u> and the same facts showing RC 4112 liability are hereby alleged as a showing of a violation of the Age Discrimination in Employment Act pursuant to 29 USC 621 *et seq.* in a separate action as <u>Count Two</u>. All pleadings relate back to the pleadings made in the original complaint under Ohio Civil Rule 15 (C) and are incorporated by reference herein.

11.    The value of the said job to the Plaintiff was in the prestige of working in a high government position of authority, and the wage the job would pay, about $60,000.00 per annum plus benefits including health insurance and PERS contributions estimated at $37,069.00 during the employment term.

12.    As a direct, proximate and foreseeable consequence of the Defendant's conduct, the Plaintiff was damaged by the loss of the said valuable job opportunity and income and suffered insult, anxiety and humiliation.

13.    The Defendant employer acted by its authorized agents in making all decisions and their conduct was malicious and as an aside, against the public interest.

14.    Indeed, the Defendant cannot justify is decision making as a lawful and reasonable business judgment nor did it act with an honest belief its hiring decision in this matter was legitimate.    The very nature of hiring an employee to serve in a financial leadership position requires the employment candidate to produce evidence that the employee can be trusted with accounting for money and has the experience to make reasonable financial decisions and predict and avoid problems that appear from time to time in government service that are not found in private sector employment.    The incumbent EVANS has no record of government service prior to her being hired or commensurate job experience as compared to the Plaintiff.    There is no college course EVANS can take that prepared her for the job she was awarded over the Plaintiff in this case.

WHEREFORE, the Plaintiff demands JUDGMENT against the Defendant in an amount of exceeding pleading requirements under Ohio Civil Rule 8 (A) for compensatory damages, interest, cost and attorney fees.

3

JURY DEMAND

Counsel for Plaintiff demands a trial by 8 jurors.


Respectfully Submitted,

/s/ Michael Terrence Conway, Esq.
Michael T. Conway, Esq.
Ohio Reg. No. 0058413
SD Texas Reg. No. 925875
Michael T. Conway and Company
3456 Sandlewood Dr.
Brunswick, Ohio 44212
(330) 220-7660 (voice-fax)
Xray2Alpha@aol.com

4

SERVICE

Counsel for the Plaintiff hereby certifies that a copy of the foregoing document was

served on opposing counsel by email on 2 DEC 2020 at the following address:

Edward H. Chyun, Esq.
John W. Hofstetter, Esq.
Littler Mendelson PC
1100 Superior Avenue, 20th Floor
Cleveland, Ohio 44114
echyun@littler.com
jhofstetter@littler.com

/s/ Michael T Conway, Esq.