# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| Richard RUSSELL | | Case No. 3: 20 CV 2859 |
| | Plaintiff, | JUDGE KNEPP, II |
| -vs- | | SECOND AMENDED COMPLAINT |
| City of Bellevue, Ohio | | JURY DEMAND |
| | Defendant. | |

Now comes the Plaintiff Richard RUSSELL by counsel pursuant to Federal Civil Rule 15 (a)(1)(B) and for his cause of action against the Defendant says the following:

1.      Plaintiff Richard RUSSELL is a 63 year old white male resident of Huron County, Ohio.

2.      Defendant City of Bellevue, Ohio is a municipal corporation located jointly in Erie, Huron, Seneca, and Sandusky counties and has over 20 employees.   Defendant City is an employer subject to civil action lawsuit pursuant to Ohio RC 4112.01 (A)(2), the Ohio Civil Rights statute.

3.      Ohio RC 4112.02 (A) states in part "It shall be an unlawful discriminatory practice: (f)or any employer, because of the … age … of any person, to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment."

4.      Pursuant to RC 4112. 02 (A) and under the federal Age Discrimination in Employment Act (ADEA) the Defendant employer had a legal duty at all times relevant to not

1

discriminate in making employment hiring decisions based on, for example, the Plaintiff's age, over 40 years old and his sex, male.

5.      The Plaintiff sought employment with the Defendant City seeking to be hired as a "Finance Superintendent" based on a job posting published on October 17, 2019.  Based on belief "Finance Superintendent" was a newly created employment position.

6.      The Plaintiff has superior employment qualifications for the position and is ready willing and able to assume the duties of the said position.  The Plaintiff possesses 15 years of accounting experience and has been a finance director in private business and a government Township Clerk for 24 years.

7.      The Plaintiff applied for the said position and was interviewed for it on November 1, 2019 by city officials.

8.      The interview raised no red flags about the Plaintiff's qualifications and in spite of this, the Defendant hired a younger less experienced female named Courtney Evans, age estimated by Plaintiff at about 32 years old and did so because of bias against the Plaintiff's age and male sex.  The Defendant breached its duty under Ohio RC 4112.02 (A) to not engage in age and sex discrimination against the Plaintiff and Defendant by its agents did not evaluate the Plaintiff's job worthiness based on his ability to perform job duties but said illegal criteria.

9.      On June 2, 2020 the federal EEOC in Cleveland found after a EEOC charge was made by the Plaintiff accusing the Defendant of age discrimination that in an investigation of the charge the Defendant's conduct in not hiring the Plaintiff showed reasonable cause to believe the Defendant violated the ADEA, that is, the federal Age Discrimination in Employment Act, 29 USC 621 *et seq*.  Ohio Courts may follow ADEA caselaw in interpreting the Ohio Civil Rights statutes such as RC 4112.02 (A).  *Barker v. Scovill, Inc*. (1983), 6 Ohio St.3d 146, 147.   The Plaintiff did not file his case with the OCRC but the federal EEOC who vetted the Plaintiff's claim in EEOC Case No. 532-2020-947.  Any dual EEOC/OCRC filing language on the federal EEOC charge is nominal and of no legal consequence to Plaintiff's RC 4112.02 (A) action.   The Plaintiff sought EEOC review for the purpose of exhausting ADEA remedies for further court action only.

2

10. A 90 day right to sue letter was issued to the Plaintiff by the EEOC only on June 23, 2020 after the parties could not reconcile the dispute with a settlement. This case is however, being brought forward under independent Ohio state law, to wit, RC 4112.02 (A) as Count One and the same facts showing RC 4112 liability are hereby alleged as a showing of a violation of the Age Discrimination in Employment Act pursuant to 29 USC 621 *et seq*. in a separate action as Count Two. All pleadings relate back to the pleadings made in the original complaint under Ohio Civil Rule 15 (C) and are incorporated by reference herein.

11. The value of the said job to the Plaintiff was in the prestige of working in a high government position of authority, and the wage the job would pay, about $60,000.00 per annum plus benefits including health insurance and PERS contributions estimated at $37,069.00 during the employment term.

12. As a direct, proximate and foreseeable consequence of the Defendant's conduct, the Plaintiff was damaged by the loss of the said valuable job opportunity and income and suffered insult, anxiety and humiliation.

13. The Defendant employer acted by its authorized agents in making all decisions and their conduct was malicious and as an aside, against the public interest.

14. Indeed, the Defendant cannot justify is decision making as a lawful and reasonable business judgment nor did it act with an honest belief its hiring decision in this matter was legitimate. The very nature of hiring an employee to serve in a financial leadership position requires the employment candidate to produce evidence that the employee can be trusted with accounting for money and has the experience to make reasonable financial decisions and predict and avoid problems that appear from time to time in government service that are not found in private sector employment. The incumbent EVANS has no record of government service prior to her being hired or commensurate job experience as compared to the Plaintiff. There is no college course EVANS can take that prepared her for the job she was awarded over the Plaintiff in this case.

<u>THIRD CAUSE OF ACTION</u>

15.     All previous pleadings are incorporated herein.  The Defendant's conduct in selecting a younger less qualified female to hire in place of the older male and highly qualified Plaintiff because of its demonstrated preference to hire less qualified female employees instead of highly qualified males such as the Plaintiff, amounts to sex discrimination in violation of Ohio RC 4112.02 *et seq*.   The Plaintiff was damaged to the same extend as previously plead.

WHEREFORE, <u>the Plaintiff demands JUDGMENT against the Defendant in an amount exceeding $300,000.00 for compensatory damages, interest, cost and attorney fees</u>.

<u>JURY DEMAND</u>

Counsel for Plaintiff demands a trial by 8 jurors.

Respectfully Submitted,

<u>/s/ Michael Terrence Conway, Esq.</u>
Michael T. Conway, Esq.
Ohio Reg. No. 0058413
SD Texas Reg. No. 925875
Michael T. Conway and Company
3456 Sandlewood Dr.
Brunswick, Ohio 44212
(330) 220-7660 (voice-fax)
Xray2Alpha@aol.com

4

<u>SERVICE</u>

Counsel for the Plaintiff hereby certifies that a copy of the foregoing document was served on opposing counsel by email on 18 JAN 2021 at the following address:

Edward H. Chyun, Esq.
John W. Hofstetter, Esq.
Littler Mendelson PC
1100 Superior Avenue, 20th Floor
Cleveland, Ohio 44114
echyun@littler.com
jhofstetter@littler.com


/s/ Michael T Conway, Esq.