IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**RICHARD RUSSELL,**            CASE NO. 3:20 CV 2859

    Plaintiff,

    v.                                    JUDGE JAMES R. KNEPP II

**CITY OF BELLEVUE, OHIO,**

    Defendant.                 **MEMORANDUM OPINION AND ORDER**

### INTRODUCTION

Pending before the Court are three distinct but related motions.

Defendant filed a Renewed Motion for Judgment on the Pleadings, attacking Counts One and Three of Plaintiff's Second Amended Complaint. (Doc. 12). In response to that motion, Plaintiff filed a Third Amended Complaint (Doc. 13) and an Opposition arguing the new complaint mooted Defendant's motion (Doc. 14). To this, Defendant filed a Reply in support of its Renewed Motion for Judgment on the Pleadings (Doc. 15).

Defendant also filed a Motion to Strike Plaintiff's Third Amended Complaint. (Doc. 16). Plaintiff opposed that motion, (Doc. 18), and Defendant replied in support (Doc. 21).

Plaintiff filed a Motion for Leave to file his Third Amended Complaint. (Doc. 20). Defendant opposed that motion, (Doc. 22), and Plaintiff replied in support (Doc. 23).

For the following reasons, the Court denies Plaintiff leave to file a Third Amended Complaint, grants Defendant's Motion to Strike Plaintiff's Third Amended Complaint, and grants Defendant's Motion for Judgment on the Pleadings.

### BACKGROUND

This is an employment discrimination case. Plaintiff alleges Defendant did not hire him as its Finance Superintendent because he is an older man, instead hiring a younger woman for the position. (Doc. 8, at ¶¶ 5-8). After Defendant hired someone else for this position, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC). (Doc. 5-2, at 1). That charge was dual-filed with the Ohio Civil Rights Commission (OCRC). *Id.*

The case, initially filed in state court, was removed to this Court by Defendant when Plaintiff amended his Complaint to add a federal age discrimination claim to his previously pled state law age discrimination claim. *See* Doc. 1-2. After answering the First Amended Complaint in this Court (Doc. 3), Defendant moved for judgment on the pleadings. (Doc. 5). In response, Plaintiff filed a Second Amended Complaint (Doc. 8) and the parties agreed this mooted the motion (Doc. 9).

In his Second Amended Complaint, Plaintiff brings three causes of action: the first two assert age discrimination under both federal and Ohio law, and the third asserts sex discrimination under Ohio law. *Id.* at ¶¶ 10, 15. Following an answer (Doc. 10), Defendant filed the currently pending Motion for Judgment on the Pleadings (Doc. 12) attacking the Second Amended Complaint.

### STANDARD OF REVIEW

The standard of review for a motion for judgment on the pleadings is the same as a motion to dismiss for failure to state a claim under Federal Civil Rule 12(b)(6*). E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001). A "formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss. *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007) (internal quotation omitted). "[A] complaint must contain either direct or inferential

allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005).

A party may amend its pleading once as a matter of course within 21 days of service of a responsive pleading. Fed. R. Civ. P. 15(a)(1)(B). In all other cases, amendments require the opposing party's consent, or the court's leave. Fed. R. Civ. P. 15(a)(2). The case management schedule, which includes a deadline for amended pleadings, may only be modified for good cause. Fed. R. Civ. P. 16(b)(4). "[W]hen a party seeks to amend its pleadings or join additional defendants after the expiration of scheduling order deadlines, it must show good cause under Rule 16(b)." *Garza v. Lansing Sch. Dist.*, 972 F.3d 853, 879 (6th Cir. 2020) (internal quotation omitted). Striking a complaint filed without leave is an appropriate use of the court's discretion. *See Nicholson v. City of Westlake*, 20 F. App'x 400, 402 (6th Cir. 2001).

## DISCUSSION

Consolidating the motions filed thus far, the Court must resolve two issues. One is whether Defendant is entitled to judgment on the pleadings for the two counts it identified in its Motion. (Doc. 12). Another is the legal effect of Plaintiff's Third Amended Complaint – if it is an effective amendment, if the Court will grant Plaintiff leave to file it, and what impact, substantively, such an amendment would have on Defendant's Motion (Doc. 12).

<u>Plaintiff's Third Amended Complaint</u>

Plaintiff's sole opposition to Defendant's Motion is his attempt to moot the motion by filing a Third Amended Complaint. *See* Doc. 14, at 1. Thus, whether the Third Amended Complaint can be filed must be addressed prior to deciding Defendant's Motion.

Taking the briefing out of chronological order, Plaintiff subsequently sought leave to file the Third Amended Complaint. (Doc. 20). He argues Federal Rule of Civil Procedure 15 requires

3

this Court to freely give leave to file this amended complaint, and the amendment cures the defects Defendant identified in its Motion. *Id.* at 1-6. In its Motion to Strike, Defendant argues Rule 16's "good cause" standard applies, which Plaintiff cannot satisfy. (Doc. 16, at 3-5). For the following reasons, Rule 16's "good cause" standard, rather than Rule 15's more lenient command to the Court to "freely give leave", governs this case for two reasons.

First, Plaintiff already amended his complaint once in federal court, using his one chance to amend as a matter of course. *See* Docs. 6, 8, 9, Non-document entry dated February 2, 2021. By its plain text, Federal Rule of Civil Procedure 15(a)(1) permitted Plaintiff to amend his pleading "*once* as a matter of course". (Emphasis added). Advisory Committee Notes make clear the 21-day periods are not cumulative; that is, Plaintiff does not get a new 21-day window within which to freely amend his complaint each time a motion is filed attacking his complaint. Fed. R. Civ. P. 15 advisory committee's notes to 2009 amendment; *see also Prakash v. Atladis U.S.A., Inc.*, 2010 WL 2653419, at *2 (N.D. Ohio) ("It is clear that Plaintiff exercised his right to one amendment as of right under Rule 15(a)(1)(A) when he filed the Amended Complaint. Any further amendment required leave of court or permission of the opposing parties.").

Second, good cause is required to amend the scheduling order in this case. Rule 16 requires the district court to enter a scheduling order that includes a deadline for amending pleadings. Fed. R. Civ. P. 16(b)(3)(A). It also establishes the district court can modify its scheduling order "only for good cause." Fed. R. Civ. P. 16(b)(4). Consequently, notwithstanding Rule 15's directive to freely give leave to amend, a party seeking leave to amend after the scheduling order's deadline must first meet Rule 16's good cause standard. *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003); *Commerce Benefits Grp., Inc. v. McKesson Corp.*, 326 F. App'x 369, 376 (6th Cir. 2009) ("Once the scheduling order's deadline to amend the complaint passes, . . . a plaintiff *first* must

4

show good cause under Rule 16(b) for failure earlier to seek leave to amend and the district court must evaluate prejudice to the nonmoving party before a court will [even] consider whether amendment is proper under Rule 15(a).") (internal quotation marks and citation omitted) (emphasis added). The Court issued a scheduling order in February 2021, which foreclosed future pleading amendments. *See* Doc. 11, at ¶ 11. Plaintiff consented to this deadline in his Report of Parties' Planning Meeting. *See* Doc. 9, at ¶ 8. Thus, Rule 16 governs this request to amend, not Rule 15.

And Plaintiff cannot satisfy Rule 16's good cause standard. Parties "can demonstrate 'good cause' for their failure to comply with the original schedule [ ] by showing that despite their diligence they could not meet the original deadline." *Leary*, 349 F.3d at 907. "An assertion of 'good cause' is likely meritorious when the moving party can show it 'has been generally diligent, the need for more time was neither foreseeable nor its fault, and refusing to grant the continuance would create a substantial risk of unfairness to that party.'" *Cooke v. AT&T Corp.*, 2007 WL 188568, at *2 (S.D. Ohio) (quoting 3 Moore's Federal Practice, ¶ 16.14[1][c] at 16-72.1). Plaintiff, calling this rule "bizarre", does not frame any of his arguments as an attempt to show good cause. (Doc. 23, at 4, n.2). Plaintiff needed to affirmatively show good cause supports amending the case schedule, a showing he has not directly attempted to meet. *Korn v. Paul Revere Life Ins. Co.*, 382 F. App'x 443, 450 (6th Cir. 2010) (holding, even absent prejudice to opposing party, leave to amend requires a good cause showing).

Plaintiff argues, had he known Defendant intended to file another Rule 12 motion, he would have sought leave to amend his pleadings during the Case Management Conference. (Doc. 20, at 2). But that argument is unavailing for several reasons.

First, the Report of Parties' Planning Meeting filed before the Case Management Conference explicitly reserved Defendant's right to file another motion for judgment on the

5

pleadings. (Doc. 9, at ¶ 13).[1] Additionally, in that same report, Plaintiff's counsel agreed to an amended pleadings deadline that had already passed. *Id.* at ¶ 8.

Second, the Federal Civil Rules permit a motion for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial". Fed. R. Civ. P. 12(c). The motion at issue now was filed nine days after Defendant answered Plaintiff's Second Amended Complaint, closing the pleadings. *Horen v. Board of Educ. of Toledo City Sch. Dist.*, 594 F. Supp. 2d 833, 840 (N.D. Ohio 2009). Defendant's Motion fits into Rule 12(c)'s window for filing. Additionally, the waiver rules that require bundling many of the available Rule 12 defenses into one motion specifically exempt motions based on the failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(h)(2). Indeed, the weight of persuasive authority permits successive motions for judgment on the pleadings. *See, e.g.*, *Brown v. Timmerman-Cooper*, 2012 WL 2905808, at *3 (S.D. Ohio) ("[I]t is clear that the defense of failure to state a claim is not waived by failing to include it in a preliminary motion (including a prior motion for judgment on the pleadings), and a motion raising that issue can be filed at any time.") (internal quotation omitted); *Adams v. Tennessee*, 2011 WL 3236609, at *3 (M.D. Tenn.) ("If there is no evidence of a moving party's intent to delay and if the final disposition of the case will thereby be expedited, courts have discretion to entertain the successive motion.") (internal quotation omitted). Thus, Defendant's pending Motion for Judgment on the Pleadings is properly filed.

Finally, Plaintiff's argument reveals a misunderstanding of what purpose a complaint serves. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief". Fed. R. Civ. P. 8(a)(2). Plaintiff's counsel also has an obligation to reasonably

---

1. Plaintiff claims this sentence was added to the report unilaterally by Defendant. (Doc. 23, at 1, n.2). While a potentially troubling allegation, this report is not the lone source of Defendant's right to file a motion for judgment on the pleadings.

6

inquire into the legal and factual support for his claims. Fed. R. Civ. P. 11(b). These rules impose a duty to draft a complaint that states a claim upon which relief can be granted, regardless of Defendant's right to file motions attacking that complaint. Plaintiff need not be told a Rule 12 motion is coming to draft a complaint stating a claim upon which relief can be granted.

Plaintiff has not shown good cause, and the facts provided do not indicate he could do so. By email to opposing counsel, Plaintiff's counsel admitted the Third Amended Complaint was filed to "amend around" Defendant's motion. (Doc. 16-2, at 1). Defendant argues this shows Plaintiff's amendments are a "transparent litigation tactic". (Doc. 16-1, at 5). The Court agrees based on Plaintiff's inability to show good cause for filing this Third Amended Complaint. Good cause requires showing the deadline could not have been met even with diligent efforts. *Leary*, 349 F.3d at 907. But Plaintiff's arguments focus on his supposed surprise at facing another Rule 12 motion. Even if Plaintiff could not have foreseen a motion for judgment on the pleadings, he should have foreseen a complaint that did not state a claim upon which relief could be granted would be subject to attack at some point in the litigation.

Because Plaintiff cannot satisfy Federal Rule of Civil Procedure 16's good cause standard for amending the case schedule, his motion for leave is denied (Doc. 20), and his Third Amended Complaint (Doc. 13) is stricken from the docket.

Defendant's Renewed Motion for Judgment on the Pleadings

Striking Plaintiff's Third Amended Complaint essentially leaves Defendant's Motion for Judgment on the Pleadings (Doc. 12) unopposed. Plaintiff's opposition briefing relies entirely on mooting the Motion by amending the Second Amended Complaint. *See* Doc. 14. But the lack of opposition alone does not guarantee Defendant's motion will be successful. "[T]he movant must always bear [its] initial burden regardless if an adverse party fails to respond[,] . . . [even] in the

7

context of a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991). Additionally, the Court will, where relevant, consider arguments Plaintiff raised in other briefing related to this motion.

*Ohio Law Age Discrimination Claim*

Defendant argues Ohio's election of remedies law bars Plaintiff's claim, because he already sought administrative remedies for the alleged harm. (Doc. 12-1, at 5-7). But Plaintiff argues he filed with the federal EEOC, not with the OCRC, and any dual filing was the result of administrative boilerplate language rather than a conscious choice of state-law remedy. (Doc. 20, at 3-5).

Plaintiff's filing with the EEOC brought him into "a minefield for the unwary litigant." *Baker v. Siemens Energy & Automation, Inc.*, 838 F. Supp. 1227, 1230 (S.D. Ohio 1993). To pursue a federal age discrimination lawsuit, a plaintiff must file a charge with the EEOC. 29 U.S.C. § 626(d)(1). But to pursue a state law age discrimination lawsuit, a plaintiff must *not* file an administrative charge with the OCRC. Ohio Rev. Code § 4112.08. And Ohio is a deferral state, meaning a federal age discrimination claim cannot be brought unless plaintiff commences a state administrative proceeding. *Dunn v. Medina Gen. Hosp.*, 917 F. Supp. 1185, 1190 (N.D. Ohio 1996) (citing *Oscar Mayer & Co. v. Evans*, 441 U.S. 750 (1979)). Navigating the system without forfeiting one claim or the other "assumes a sophistication of, and deep familiarity with the law by, the general public that is rather unrealistic." *Williams v. Allstate Ins. Co.*, 2005 WL 1126761, at *4 (N.D. Ohio), *report and recommendation adopted in relevant part*, 2005 WL 1315756 (N.D. Ohio).

Courts are divided on the effect of filing an administrative charge with the EEOC, and whether that filing bars future state law age discrimination claims. Because this is a question of

state law unanswered by the Ohio Supreme Court, this Court must "ascertain from all available data, including the decisional law of the state's lower courts, what the state's highest court would decide if faced with the issue." *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 517 (6th Cir. 2001). Courts, attempting to follow this command, have come to opposite conclusions. *Fortunato v. Univ. Health Sys.*, 2016 WL 397973, at *4 (N.D. Ohio) ("[A] number of federal district courts and Ohio appellate courts have addressed this issue and there is a clear split on whether the Ohio Supreme Court would deem the filing of an EEOC charge to qualify as an election of remedies."). The Sixth Circuit, in an unpublished decision, held an EEOC filing does not necessarily bind a plaintiff to an administrative remedy. *Lafferty v. Coopers & Lybrand*, 841 F.2d 1126, 1988 WL 19182, at *4 (6th Cir.) ("There is no indication that Ohio intended to bar a plaintiff who went to the EEOC, seeking no remedy from the Ohio Civil Rights Commission, from pursuing a claim…"). But the Sixth Circuit's reasoning has been undermined in the intervening years in two ways, leading Ohio district courts to rule a dual-filed administrative charge bars a state law age discrimination claim. *See, e.g., Harris v. Pentair Flow Tech., LLC*, 2020 WL 2558028, at *3-6 (N.D. Ohio).

First, judicial guidance for preserving both claims had not yet developed when *Lafferty* was decided. *Williams*, 2005 WL 1126761, at *4. "[A]n individual can still file an OCRC charge to meet federal law prerequisites and file a state law claim by either expressly indicating in the charge complaint that he/she is filing for procedural purposes only, by filing a charge with the OCRC after filing the lawsuit, or by filing the charge and lawsuit contemporaneously." *Id.* Plaintiff's Second Amended Complaint includes the following language:

> The Plaintiff did not file his case with the OCRC but the federal EEOC who vetted the Plaintiff's claim in EEOC Case No. 532-2020-947. Any dual EEOC/OCRC filing language on the federal EEOC charge is nominal and of no legal consequence to Plaintiff's RC 4112.02 (A) action. The Plaintiff sought EEOC review for the purpose of exhausting ADEA remedies for further court action only.

9

(Doc. 8, at ¶ 9). But the charge itself indicates – in two separate places – that it would be filed with both the federal and state agencies. *See* Doc. 5-2, at 1.² And it shows Plaintiff did not take advantage of the first exception to this dual-filing trap. *Id.* Additionally, the charge was filed in March 2020, while his initial lawsuit in state court was filed in September 2020. *See id.*; Doc. 1-3 at 62. Thus, Plaintiff did not file his administrative charge in the right order to take advantage of the timing-based exceptions to Ohio's choice of remedies law. Thus, enforcing Ohio's law as written no longer carries the severe effects feared by the *Lafferty* court. *See Lafferty*, 1988 WL 19182, at *4.

Second, Ohio courts have ruled in ways that signal the Ohio Supreme Court would apply Ohio's choice of remedies provision as written if faced with this question. *See Merhulik v. Weltman, Weinberg, & Reis Co., LPA*, 2020 WL 7156621 at *6 (N.D. Ohio) (citing *Neal v. Franklin Plaza Nursing Home,* 2009-Ohio-2034 (Ohio Ct. App.)). *Neal* held a plaintiff filing an EEOC charge, without indicating the filing was solely to perfect a federal claim, was barred from pursuing an age discrimination claim in state court. 2009-Ohio-2034, at ¶¶ 17-19 (citing, *inter alia*, *Schwartz v. Comcorp, Inc.,* 91 Ohio App.3d 639, 647 (1993)); *see also Rosencrans v. Vill. of Wellington*, 2016 WL 165450, at *8, n. 2 (N.D. Ohio) (holding the same). These cases were not available to the Sixth Circuit when it predicted the Ohio Supreme Court's position in 1988, but they persuade this Court an Ohio court faced with this question now would hold Plaintiff's unqualified administrative filing operates as a choice of remedy for Plaintiff, barring his state law

---

2. "When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

age discrimination claim. Therefore, the Court grants Defendant's Renewed Motion for Judgment on the Pleadings as to Count One of Plaintiff's Second Amended Complaint.

*Ohio Statutory Sex Discrimination Claim*

Defendant also argues Plaintiff's third cause of action, a sex discrimination claim, fails to state a claim. (Doc. 12-1, at 7-10). This cause of action is contained in one paragraph:

> All previous pleadings are incorporated herein. The Defendant's conduct in selecting a younger less qualified female to hire in place of the older male and highly qualified Plaintiff because of its demonstrated preference to hire less qualified female employees instead of highly qualified males such as the Plaintiff, amounts to sex discrimination in violation of Ohio RC 4112.02 *et seq.* The Plaintiff was damaged to the same extend [sic] as previously pled.

(Doc. 8, at ¶ 15). Defendant argues the Second Amended Complaint lacks any facts to support such a "reverse-sex discrimination" claim. (Doc. 12-1, at 8).

To survive a motion for judgment on the pleadings on a reverse sex discrimination[3] claim, Plaintiff must plead the typical *prima facie*[4] case, along with "background circumstances to support the suspicion that the defendant is that unusual employer who discriminates against the majority." *Sutherland v. Mich. Dep't of Treasury*, 344 F.3d 603, 614 (6th Cir. 2003). Ohio courts apply this "background circumstances" test to state law reverse discrimination claims. *See Nelson v. Ball Corp.*, 656 F. App'x 131, 136 (6th Cir. 2016) (citing *Chenevey v. Greater Cleveland Reg'l*

---

3. Although Plaintiff argues numerical majority is the relevant consideration for deciding whether to apply the standard for a reverse sex discrimination claim, *see* Doc. 20, at 5; the case law is clear: a claim of sex discrimination by a man is a reverse sex discrimination claim. *See, e.g.*, *Kimble v. Intermetro Indus.*, 288 F. Supp. 2d 876, 880 (N.D. Ohio 2003).

4. Ohio has adopted the federal Title VII burden shifting framework for its own state law sex discrimination claims. *Little Forest Med. Ctr. of Akron v. Ohio Civ. Rts. Comm.*, 61 Ohio St. 3d 607, 609–10 (1991); *see also Williams v. Ford Motor Co.*, 187 F.3d 533, 538 (6th Cir. 1999). To state a *prima facie* case of discrimination in the failure to hire context, a plaintiff must show: (1) he was a member of a protected class; (2) he applied and was qualified for the position in question; (3) he was considered and denied the position; and (4) he was rejected in favor of another similarly qualified person not in that protected class. *Betkerur v. Aultman Hosp. Ass'n*, 78 F.3d 1079, 1095 (6th Cir. 1996).

11

*Transit Auth.*, 1992 N.E.2d 461, 465-67 (Ohio Ct. App. 2013)). "Our circuit's heightened standard for reverse-discrimination cases presumes that such discrimination is comparatively rare, and that some indication of impermissible discrimination in addition to the plaintiff's own poor treatment is necessary to support an inference of impropriety." *Treadwell v. Am. Airlines, Inc.*, 447 F. App'x 676, 679 (6th Cir. 2011). "A plaintiff may establish background circumstances by providing 'evidence of the defendants' unlawful consideration of [sex] in employment decisions in the past.'" *Morris v. Fam. Dollar Stores of Ohio, Inc.*, 320 F. App'x 330, 339 (6th Cir. 2009).

Plaintiff's Second Amended Complaint includes no such background circumstances, and therefore he has not pled his *prima facie* case. Plaintiff's case rests on arguing that he did not get the job, and a female candidate did. (Doc. 8, at ¶ 8). He does not allege the adverse decision was made by a woman. *See Arendale v. City of Memphis*, 519 F.3d 587, 603 (6th Cir. 2008). He does not present "significant evidence in the form of statistical data" showing sex is considered in making employment decisions. *Sutherland*, 344 F.3d at 615. In short, he makes no attempt to demonstrate something beyond his "own poor treatment", and more is required to proceed on a reverse sex discrimination claim. *Treadwell*, 447 F. App'x at 679. Therefore, the Court grants Defendant's Renewed Motion for Judgment on the Pleadings as to Count Three.

*Dismissed with Prejudice*

Defendant specifically seeks to dismiss Plaintiff's sex discrimination claim with prejudice. (Doc 12-1, at 9). Because of Plaintiff's attempt to file a Third Amended Complaint, the Court has before it the substance of what Plaintiff would file if the claim were dismissed without prejudice. In this situation, dismissal with prejudice and without leave to amend is appropriate as the proposed amendment would not remedy the defects. *See United States ex rel. Roycroft v. Geo Grp., Inc.*, 722 F. App'x 404, 408 (6th Cir. 2018) (citing *Newberry v. Silverman*, 789 F.3d 636, 645-46 (6th

Cir. 2015)). Plaintiff's Second Amended Complaint raised three claims against Defendant: an age discrimination claim based in Ohio law, an age discrimination claim based in federal law, and a sex discrimination claim based in Ohio law. *See* Doc. 8. The Third Amended Complaint asserts the same age discrimination claims, swaps the Ohio statutory sex discrimination claim for a public policy tort claim, and adds a new state law sex and age discrimination claim against an individual city employee. *See* Doc. 13. That Plaintiff does not attempt to maintain his state law statutory sex discrimination suit supports dismissing that claim with prejudice.

Further, as Defendant argues in other briefing, Plaintiff's public policy sex discrimination claim does not exist under Ohio law. (Doc. 22, at 4). Plaintiff's Third Amended Complaint pleads a cause of action rooted in Ohio's "clear public policy" to evaluate job applicants "based on their knowledge, skills and ability . . . and not based on consideration of their sex . . ." (Doc. 13, at ¶ 23). But that is not an accurate statement of the law. *See Peck v. Elyria Foundry Co.*, 347 F. App'x 139, 147-48 (6th Cir. 2009) ("[W]e follow federal district courts within the Circuit which have concluded that a review of Ohio law finds no case extending the public policy tort to claims involving a wrongful failure to hire . . .") (internal quotation omitted). Plaintiff cites Ohio Supreme Court case law recognizing a common law tort claim for wrongful discharge based on alleged sexual harassment. *Collins v. Rizkana*, 73 Ohio St. 3d 65, 74 (Ohio 1995). But that case does not create a common law tort claim for refusing to hire someone for any reason, and this federal Court is "'not free to engraft' modifications onto state laws even if [it] would consider those modifications to be an improvement." *Bools v. Gen. Elec. Co.*, 70 F. Supp. 2d 829, 831 (S.D. Ohio 1999) (quoting *Day & Zimmermann, Inc. v. Challoner*, 423 U.S. 3, 4 (1975)). Plaintiff further argues Ohio state law has not foreclosed the creation of a wrongful failure to hire common law public policy tort claim. (Doc. 23, at 2-3). But that is not the relevant question. Plaintiff needs to

show the Ohio Supreme Court, or another source of Ohio law, recognizes this cause of action. Because Plaintiff has not done so, his attempt to amend his sex discrimination claim would be futile. Thus, his sex discrimination claim is dismissed with prejudice, and without leave to amend.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Plaintiff's Motion for Leave to File a Third Amended Complaint (Doc. 20) is DENIED; and it is

FURTHER ORDERED that Defendant's Objection to and Motion to Strike Plaintiff's Third Amended Complaint (Doc. 16) is GRANTED; and it is

FURTHER ORDERED that Defendant's Renewed Motion for Judgment on the Pleadings (Doc. 12) is GRANTED WITH PREJUDICE as to Count One and Count Three of Plaintiff's Second Amended Complaint.

                                                                s/ *James R. Knepp II*
                                                        UNITED STATES DISTRICT JUDGE